**In re Arthur D'AMARIO, Petitioner.**

No. 07–2340.

United States Court of Appeals,
Third Circuit.

Submitted Under Rule 21,
Fed. R.App. P. May 17, 2007.

Filed: June 6, 2007.

328

Arthur D'Amario, Philadelphia, PA, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Arthur D'Amario has filed a petition for a writ of mandamus in which he requests that this Court order the District Court to re-enter its judgment against him in a criminal case. D'Amario asks for this relief in order to file another appeal. He alleges that he withdrew the appeal of his conviction and sentence docketed at C.A. No. 02–2371 because he was denied new counsel on appeal. However, D'Amario did not withdraw the appeal at C.A. No. 02–2371.[1] D'Amario withdrew the appeal of his conviction and sentence which was docketed at C.A. No. 02–3011.

The writ of mandamus will issue only in extraordinary circumstances. *See Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir.1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. *Kerr v. United States District Court,* 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). A writ is not a substitute for an appeal; only if a direct appeal is unavailable will the court determine whether a writ of mandamus will issue. *See In Re Ford Motor Co.,* 110 F.3d 954, 957 (3d Cir.1997). In this case, a direct appeal was available to D'Amario. By or-

der entered October 8, 2002, the Clerk warned D'Amario that if he chose to withdraw his appeal, he would be giving up his constitutional right to have the District Court's order reviewed. D'Amario chose to withdraw his appeal. D'Amario cannot show that he has a clear and indisputable right to re-entry of the criminal judgment and a new appeal.

Accordingly, we will deny the petition for a writ of mandamus.

---

1. In that case, the government appealed the downward departure the District Court gave D'Amario at sentencing. We vacated the sentence and remanded the matter for re-sentencing. *See United States v. D'Amario,* 350 F.3d 348 (3d Cir.2003).